ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **CARMEN E. REYES COBIÁN**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br>**V.**<br><br>**AUTORIDAD DE LOS PUERTOS DE PUERTO RICO**<br>DEMANDADA(S)-PETICIONARIA(S) | **KLCE202300445** | ***Certiorari***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm.<br>**SJ2022CV09298 (504)**<br><br>Sobre:<br>Discrimen<br>(Ley Núm. 100) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

*Barresi Ramos*, juez ponente.

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 26 de febrero de 2024.

Comparece ante este Tribunal de Apelaciones, la **AUTORIDAD DE LOS PUERTOS DE PUERTO RICO** (**AUTORIDAD**) mediante *Petición de Certiorari* instado el 24 de abril de 2023. En su recurso, nos solicita que revisemos la *Resolución* decretada el 4 de abril de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1] Mediante dicho dictamen, el foro *a quo* dispuso: "[n]o ha lugar a la solicitud para que se dicte sentencia por insuficiencia de alegaciones. No obstante, a la luz de los hechos que se presentan en el caso, **se ordena tramitar la querella por la vía ordinaria**. *Berríos v. González et al.*, 151 DPR 327 (2000); *Rivera Torres v. UPR*, 2022 TSPR 67; *Rivera Ortiz v. Mun. de Guaynabo*, 141 DPR 256 (1996). No ha lugar a la solicitud de desestimación, bajo el planteamiento de que APPR no es patrono bajo la Ley Núm. 100. No ha lugar a la

---

[1] Esta determinación judicial fue notificada y archivada en autos el 12 de abril de 2023. Véase Apéndice de la *Petición de Certiorari*, págs. 1- 3.

solicitud de desestimación por no agotar remedios administrativos. El peso de la prueba recae sobre el [p]atrono y meras alegaciones no constituyen prueba. No obstante, en el día de hoy [,] se emite referido al Negociado de Métodos Alternos para la Solución de Conflictos del Poder Judicial, de acuerdo con las disposiciones contenidas en el 29 LPRA sec. 3120".

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 21 de octubre de 2022, la señora **CARMEN E. REYES COBIÁN** (señora **REYES COBIÁN**) incoó una *Querella* alegando, entre otras cosas, ser bombero de profesión y trabajar para la **AUTORIDAD**; dirigir la Unidad de Rescate Aéreo (URA) del Aeropuerto de Isla Grande; haber sido trasladada unilateralmente; y ser objeto de un ambiente hostil de trabajo y discrimen por razón de género.[2]

Tiempo después, el 3 de noviembre de 2022, la **AUTORIDAD** presentó una *Contestación a Querella* exponiendo sus *Defensas Afirmativas*.[3] En síntesis, argumentó que las alegaciones de discrimen son conclusivas, ambiguas y vagas. Además, aseguró no ser patrono al amparo de la Ley Núm. 100 de 30 de junio de 1959.[4] También, arguyó que no se ha cumplido con el requisito de agotamiento de remedios dispuesto por el Artículo 10 de la Ley Núm. 90- 2020, por lo que, debe desestimarse la *Querella*.[5] Igualmente,

---

[2] Véase Apéndice de la *Petición de Certiorari*, págs. 21- 30.

[3] *Íd.*, págs. 31- 58. Dicho escrito está acompañado de los siguientes documentos: (i) *Verificación de Empleo* fechado 13 de octubre de 2022; (ii) *Acción de Personal* de 4 de diciembre de 2015; (iii) comunicación suscrita el 29 de octubre de 2015 por la señora Joseline Izquierdo Valle, Directora de Recursos Humanos; *Alegación de Acto de Discrimen en el Empleo* presentada el 26 de abril de 2019 por la señora **REYES COBIÁN;** misiva rubricada el 7 de mayo de 2019 por el licenciado Julián M. Baynes Hernández (Sub-Director Ejecutivo) y los señores Ezequiel Miranda Delgado (DEA en Administración) y Susana Figueroa Liggett (Gerente de Igualdad de Oportunidad) dirigida a la señora **REYES COBIÁN;** Informe de Enfermedad o Accidente de la Corporación del Fondo de Seguro del Estado cumplimentado el 22 de junio de 2016.

[4] Ley Núm. 100 de 30 de junio de 1959, según enmendada, conocida como *Ley contra el Discrimen en el Empleo*, 29 LPRA § 146.

[5] Ley Núm. 90 de 7 de agosto de 2020, conocida como *Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico*, 29 LPRA § 3111.

indicó que los daños reclamados por la señora **REYES COBÍAN** son improcedentes, excesivos y exagerados.

Así las cosas, el 29 de noviembre de 2022, la señora **REYES COBÍAN** presentó su *Réplica a Moción de Desestimación* en la cual argumentó que las alegaciones contenidas en la *Querella* son suficientemente claras y específicas.[6] Asimismo, manifestó que la **AUTORIDAD** es una corporación pública. Añadió haber agotado los remedios administrativos desde el año 2019 cuando presentó querella formal ante la Oficina de Recursos Humanos.

El 19 de diciembre de 2022, la **AUTORIDAD** presentó una *Réplica de la Autoridad de los Puertos a "Réplica a Moción de Desestimación".*[7] Ante esta situación, el 9 de enero de 2023, el foro primario decretó *Orden* expresando: "Se toma conocimiento de la réplica a oposición, radicada por la APPR. En consideración con que el término para radicar dúplica a réplica venció, el Tribunal da por sometido el asunto, para la determinación correspondiente".[8]

Más tarde, el 21 de febrero de 2023, el tribunal *a quo* emitió una *Orden de Calendarización del Caso y Orden Permanente* pautando una *Conferencia con Antelación al Juicio* para el 30 de agosto de 2023.[9]

Poco después, el 1 de marzo de 2023, la **AUTORIDAD** presentó una *Moción en Solicitud de que se Resuelva "Moción de Desestimación y/o que se Dicte Sentencia por las Alegaciones".*[10] Entre otras cosas, reiteró que la señora **REYES COBÍAN** no alegó hechos específicos de acoso laboral o discrimen, por lo que sus reclamaciones deben ser desestimadas.

En consecuencia, el 4 de abril de 2023, el foro primario dictaminó dos (2) *Resoluciones.* La primera es la decisión recurrida

---

[6] Véase Apéndice de la *Petición de Certiorari*, págs. 59- 67.
[7] *Íd.*, págs. 68- 74.
[8] *Íd.*, pág. 80.
[9] *Íd.*, págs. 78- 79.
[10] *Íd.*, págs. 75- 77.

y la segunda refirió a las partes al Negociado de Métodos Alternos para la Solución de Conflictos (Negociado).[11] Específicamente, expresó:

> El Tribunal observará el estricto cumplimiento de las [p]artes con los procedimientos que se llevarán a cabo ante el Negociado. Si, una vez concluido el procedimiento y con la debida orientación, el mediador o mediadora no recomienda dicho método alterno para el presente caso o las partes no lo aceptan, deberán presentar documentación acreditativa dentro de un término de 20 días, de modo que podamos entendernos con jurisdicción para continuar con los procedimientos del caso.

Inconforme con la antedicha conclusión, el 24 de abril de 2023, la **AUTORIDAD** acudió ante este Tribunal de Apelaciones mediante una *Petición de Certiorari*. En su escrito, señala el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la solicitud de desestimación y/o que se dicte Sentencia por las alegaciones presentada por la parte peticionaria, cuando las mismas son insuficientes, generales y conclusorias. Sin hechos que pongan a la peticionaria en posición de defenderse adecuadamente.
>
> Erró como cuestión de derecho el Honorable Tribunal de Primera Instancia al declarar no ha lugar la solicitud de desestimación bajo el planteamiento de que la peticionaria no es un "patrono" bajo la Ley 100 de 1959.
>
> Erró como cuestión de derecho el Honorable Tribunal de Primera Instancia al declarar no ha lugar la solicitud de desestimación al amparo de la Ley 90 de 2020, cuando la recurrida no cumplió- ni cumple- con el requisito de agotamiento de remedios administrativos y ordenando el referido al Negociado de Métodos Alternos para la Solución de Conflictos incumpliendo así con el debido proceso en su vertiente procesal.

El 26 de abril de 2023, dictaminamos *Resolución* en la cual, entre otras cosas, se concedió un plazo perentorio de diez (10) días para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnado.

Ante ello, el día 12 de mayo de 2023, la señora **REYES COBIÁN** presentó su *Réplica en Oposición a Petición de Certiorari y Solicitud*

---

[11] Véase Apéndice de la *Petición de Certiorari,* pág. 81.

*de Desestimación por Falta de Jurisdicción.* Unos días después, el 16 de mayo de 2023, pronunciamos *Resolución* en la cual concedimos a la **AUTORIDAD** un término de diez (10) días para exponer su posición sobre la solicitud de desestimación.

En consonancia, el 30 de mayo de 2023, la **AUTORIDAD** presentó una *Moción en Cumplimiento de Orden.* El 1 de junio de 2023, intimamos *Resolución* declarando no ha lugar la solicitud de desestimación.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes; nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A -

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[12] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[13]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[14] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[15]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones

---

[12] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.,* 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46; 211 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 403 (2021).
[13] *Íd.*
[14] *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2016).
[15] *Íd.*

contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[16] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[17] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[18]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[19]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[20] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;

---

[16] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[17] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[18] 4 LPRA Ap. XXII – B, R. 40; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339–340 (2012).
[19] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[20] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra.*

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[21]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[22] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[23] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[24] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[25]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[26] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[27]

---

[21] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[22] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[23] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[24] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[25] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction, Inc., supra*.
[26] *García v. Asociación*, 165 DPR 311, 322 (2005).
[27] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**- B -**

La *Ley de Procedimiento Sumario de Reclamaciones Laborales* prescribe un trámite especial, de naturaleza sumaria, para la pronta consideración y adjudicación de las querellas de empleados contra sus patronos relacionadas con sus derechos laborales.[28] La premura que instituye la legislación responde a la política pública de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido los medios económicos para su subsistencia mientras consigue un nuevo empleo.[29]

En esa dirección, el mencionado estatuto provee una serie de medidas que agilizan el trámite de una querella entablada por un obrero u obrera, a saber: (1) la aplicación de términos cortos para la contestación de la querella; (2) la exención en el pago de aranceles; (3) la limitación de los mecanismos de descubrimiento de prueba; y (4) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella.[30] Incluso, el andamiaje procesal de la Ley Núm. 2-1961, *supra,* se diseñó "tomando en consideración la disparidad económica entre el patrono y el obrero, y el hecho de que la mayor parte de la información sobre la reclamación salarial está en poder del patrono [...]".[31]

Empero, y aun cuando el procedimiento sumario de la Ley Núm. 2-1961, *supra,* sitúa al patrono en una posición procesal levemente más onerosa que la del obrero, "es evidente que [dicho procedimiento] le concede al patrono las oportunidades básicas de defensa que comprende el debido proceso de ley".[32]

**- C -**

---

[28] Conocida como la Ley Núm. 2 de 17 de octubre de 1961, 32 LRPA § 3118; *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018).
[29] *Id.*
[30] *Rivera Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923-924 (1996).
[31] *Id.*, pág. 923.
[32] *Rivera Rivera v. Insular Wire Products Corp.*, supra, pág. 928; *León v. Rest. El Tropical*, 154 DPR 249, 281 (2001).

Con la aprobación de la *Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico* se creó una causa de acción a favor de los empleados y empleadas que son víctimas de acoso laboral en su lugar de empleo.[33] En específico, esta legislación declara "una vigorosa política pública contra todo tipo de acoso laboral que afecte el desempeño del trabajador, altere la paz industrial y atente contra la dignidad de los trabajadores, no importa cuál sea su categoría o clasificación de empleo".[34] Sus disposiciones amparan a aquellos trabajadores, sin importar la naturaleza del empleo, su categoría, jerarquía o clasificación, ni la duración del contrato de empleo, que sean objeto de la conducta denominada como acoso laboral.[35]

En el Artículo 10 de la Ley Núm. 90-2020 se le impone al empleado el deber de agotar los remedios allí dispuestos como condición *previa* a presentar una querella ante el Tribunal de Primera Instancia.[36] Dicho artículo lee como sigue:

> Toda persona que reclame ser víctima de acoso laboral deberá comunicarlo siguiendo el procedimiento y protocolo adoptado por su patrono, el cual, según ya dispuesto, deberá ser amparado en las guías uniformes establecidas por el Departamento del Trabajo y Recursos Humanos [...].

> Si las gestiones realizadas conforme al procedimiento y protocolo adoptado por el patrono resultan infructuosas, el empleado afectado acudirá al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial. Si habiéndose orientado, las partes no aceptan la mediación o el mediador no recomienda la misma, entonces se podrá acudir ante la sala del tribunal competente presentando evidencia acreditativa de que se agotó dicho mecanismo alterno y radicar la acción civil que provee este capítulo.

De manera que, antes de acudir a los tribunales el empleado deberá, en primer término, comunicar la situación de acoso en el empleo y seguir el protocolo que haya adoptado el patrono. Si las

---

[33] Conocida como la Ley Núm. 90 de 7 de agosto de 2020, 29 LPRA § 3111.
[34] Véase 29 LPRA § 3112.
[35] 29 LPRA § 3113.
[36] 29 LPRA § 3120. En el contexto del derecho administrativo, la doctrina del *agotamiento de remedios* sirve para determinar la etapa idónea en la que un litigante puede acudir ante un tribunal para solicitar la revisión de una actuación de un foro administrativo. *Oficina de la Procuradora del Paciente v. Aseguradora MCS,* 163 DPR 21, 35 (2004). Como resultado de su aplicación, los tribunales se abstienen de revisar la actuación del foro administrativo hasta que la persona afectada agote todos los remedios disponibles, de modo que la decisión administrativa refleje la posición final del foro en cuestión. *Id.*

gestiones realizadas al amparo del protocolo resultan infructuosas, el empleado deberá, en segundo término, acudir ante el Negociado de Métodos Alternos del Poder Judicial. El empleado podrá, en última instancia, acudir al Tribunal de Primera Instancia si, tras haberse orientado, las partes no aceptan la mediación o el mediador no recomienda el procedimiento. En este caso, el empleado deberá acreditar mediante evidencia que agotó el mecanismo alterno de la mediación.

**- D -**

La Regla 10.2 de las de Procedimiento Civil de 2009 instituye que las defensas de hecho o de derecho contra una reclamación deben presentarse antes de una alegación responsiva. Una moción de desestimación bajo la precitada regla es aquella que presenta la parte demandada previo a contestar la demanda solicitando que se desestime la causa de acción presentada en su contra.[37]

Dicha Regla dispone como fundamentos para la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; o (6) dejar de acumular una parte indispensable.[38]

La falta de jurisdicción constituye "una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas".[39]

El estándar adjudicativo al evaluar una moción de desestimación exige que los tribunales tomen como ciertos "todos los hechos bien alegados de la demanda y que hayan sido

---

[37] Véase: Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, Lexis Nexis, (2017)., págs. 305– 306.
[38] 32 LPRA Ap. V, R. 10.2.
[39] *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 539 (2019).

aseverados de manera clara y concluyente".[40] La obligación de tomar como ciertos únicamente los hechos bien alegados de la demanda supone excluir del análisis las conclusiones de derecho o las alegaciones redactadas de tal forma que su contenido resulte hipotético.[41]

Como parte de este estándar adjudicativo, los tribunales están llamados a interpretar las alegaciones de la demanda conjuntamente y de forma liberal a favor de la parte demandante, resolviendo toda duda a su favor y concediendo el beneficio de cuanta inferencia sea posible hacer de los hechos bien alegados en la demanda.[42] Ante ello, "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".[43] Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Así, si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones con el descubrimiento de prueba.[44]

De esta forma, solo procederá una moción de desestimación cuando la parte demandante no demuestre tener derecho a remedio alguno bajo cualesquiera hechos y estado de derecho que pudiera probar en un juicio.[45] Esto es, no "procede la desestimación, si la

---

[40] *González Méndez v. Acción Social et al.*, 196 DPR 213 (2016).

[41] José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. JTS, 2011, T. II, págs. 529 (citado en *Asociación Puertorriqueña de Importadores de Cerveza, Inc. v. ELA,* 171 DPR 140, 149 (2007) (Rebollo López, opinión de conformidad)).

[42] *González Méndez v. Acción Social et al., supra,* pág. 234.

[43] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008).

[44] Véase: Rafael Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 307.

[45] *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil,* 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. *Ortiz Matías v. Mora Development Corp.,* 187 DPR 649 (2013).

demanda es susceptible de ser enmendada".[46]

## - III -

La Regla 52.1 de las de Procedimiento Civil de 2009 nos permite expedir el auto de *certiorari* cuando se recurre de una resolución u orden bajo remedios provisionales de las Reglas 56 y 57 de las de Procedimiento Civil de 2009 o de la denegatoria de una moción de carácter dispositivo. En este caso, estamos ante una determinación revisable por este foro intermedio y sobre la cual podemos expedir el auto de *certiorari.*

En el caso ante nuestra consideración, tras presentarse una *Querella* sobre acoso laboral y discrimen, la **AUTORIDAD** presentó una moción de desestimación bajo los fundamentos de que: (i) no surge de las alegaciones hechos específicos sobre acoso laboral o discrimen lo cual resulta en que la causa de acción no expone una reclamación que justifique la concesión de un remedio; (ii) ante la falta de agotar los remedios administrativos provistos, el tribunal de instancia carece de jurisdicción para atender la *Querella* sobre acoso laboral y, además, (iii) la causa de acción no contiene alegaciones específicas sobre la supuesta conducta constitutiva de discrimen.

Ciertamente, el Artículo 10 de la Ley Núm. 90-2020, *supra,* requiere que las partes querellantes agoten el procedimiento allí establecido antes de presentar un reclamo ante el Tribunal de Primera Instancia. En primer lugar, el empleado o la empleada debe comunicar la situación de acoso laboral al patrono y seguir el protocolo adoptado por este último para el manejo de estos casos. Si estas gestiones resultan infructuosas y la situación de acoso laboral continúa, entonces el empleado debe acudir al Negociado de Métodos Alternos del Poder Judicial. "Si habiéndose orientado, las partes no aceptan la mediación o el mediador no recomienda la

---

[46] *Ortiz Matías v. Mora Development Corp., supra.*

misma, entonces se podrá acudir a la sala del tribunal competente presentando evidencia acreditativa de que se agotó dicho mecanismo alterno [...]".[47]

Cuando abordamos la Regla 10.2 de las de Procedimiento Civil de 2009 a la luz de las alegaciones expuestas por la señora **Reyes Cobián** resulta necesario mencionar que las mismas se alejan de los criterios de especificidad establecidos. En concreto, después de brindarle veracidad a los hechos alegados, es fundamental determinar si a base de estos la *Querella* cimenta una reclamación plausible que justifique la concesión de un remedio. Nótese que después de evaluar la totalidad del historial judicial entendemos que las alegaciones respecto a los actos discriminatorios o de acoso laboral incumplen con el estándar de plausibilidad necesario para la concesión de un remedio.[48]

En la *Querella*, la señora **REYES COBIÁN no** alegó que la **AUTORIDAD** (patrono) y sus oficiales de recursos humanos tuviesen conocimiento del patrón de acoso laboral al que fuese sometida, así como tampoco que hubiese acudido ante el Negociado de Métodos Alternos. Al interpretar la *Querella,* de forma liberal, a favor de la señora **REYES COBIÁN** debemos concluir que ésta **no** cumplió con la

---

[47] 29 LPRA § 3120.

[48] Al analizar concienzudamente la *Querella* presentada por la señora **Reyes Cobián** notamos que en la alegación del inciso 20 de la señora **Reyes Cobián** expresó que: "*[l]os superiores continuamente ignoran las solicitudes formales que les hace Reyes*". Añadió en el inciso 21 que: "*sus superiores continuamente hacen comentarios altamente impropios de corte machista y sexista dirigidos a reyes o en alusión a ella, ya sea por su estatura, su constitución física o su preferencia sexual*". Así mismo, en el inciso 23, alegó que "*desde el año 2021, el patron de conducta descrito se ha acentuado, provocando que Reyes padezca de su salud emocional*". Véase Apéndice de la *Petición de Certiorari*, pág. 24. Adviértase que, para cumplir con el estándar de plausibilidad era necesario que la señora **Reyes Cobián** especificara quienes son sus superiores que incurrieron en la conducta inadecuada; cuáles fueron los comentarios altamente impropios sobre su persona; fechas o instantes en el que ocurrieron; y si realizó alguna notificación sobre la presunta conducta o acción discriminatoria a su patrono. Sabido es que cuando un empleado alega discrimen por parte de su patrono, se establece una presunción - para facilitar al empleado su caso -. Sin embargo, ello no le releva de la necesidad de presentar evidencia para probar sus alegaciones incluyendo una relación concisa y específica de sus alegaciones. Por ende, la mera alegación de un *hecho básico*, sin haberlo establecido debidamente, no activa una presunción que permita la inferencia de un *hecho presumido*. Véase *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894 (2011); *SLG v. TOLIC*, 151 DPR 754 (2000).

obligación que le impone la Ley Núm. 90-2020, *supra,* de dar conocimiento a su patrono sobre la situación de acoso laboral y/o acudido ante el Negociado de Métodos Alternos.

Pese a lo anterior, en su réplica a la solicitud de desestimación, la señora **REYES COBIÁN** alegó que: en múltiples ocasiones dio conocimiento a su patrono (inciso 5); en el inciso 16 de la parte III de la *Contestación a Querella* surge que el **26 de abril de 2019** instó una querella ante la Oficina de Recursos Humanos la cual fue desestimada el **7 de mayo de 2019** (inciso 5); agotó el remedio administrativo ante la agencia desde el 2019 cuando presentó querella formal (inciso 30); aceptó **no** haber acudido ante el Negociado de Métodos Alternos del Poder Judicial para recibir orientación (inciso 30); dicho incumplimiento no es de carácter jurisdiccional que impida que el tribunal pueda atender la querella (inciso 30); y la señora **REYES COBIÁN** no interesa resolver la controversia mediante dicho método alterno (inciso 30). Argumentó que cumplió con el requerimiento del Artículo 10 de la Ley Núm. 90 2020. Empero **no** detalló las gestiones realizadas ante la **AUTORIDAD**: fechas de sus comunicaciones y nombre de la(s) persona(s) que le atendieron. El Artículo 10 de la Ley Núm. 90-2020, *supra,* no exige que las partes efectivamente completen el procedimiento de mediación, pues basta con que el empleado o la empleada se haya orientado, y el mediador no haya recomendado el procedimiento. El precitado Artículo ordena, además, que el empleado presente ante el tribunal "evidencia acreditativa de que se agotó dicho mecanismo alterno", es decir, la mediación ante el Negociado de Métodos Alternos. La señora **REYES COBIÁN no** anejó documento alguno que acreditara que agotó remedios y/o recibió servicios de orientación en el Negociado de Métodos Alternos previo a acudir ante el foro impugnado.

Como cuestión de umbral, hay que señalar que, ante el planteamiento concerniente al agotamiento de remedios, el foro *a quo* debió ponderar si la señora **REYES COBIÁN** cumplió o no con el Artículo 10 de la Ley Núm. 90-2020, *supra,* a los fines de determinar su propia *jurisdicción* o autoridad para atender la reclamación sobre acoso laboral. De entender necesario, mediante la celebración de una audiencia evidenciaria a esos efectos. "[L]a ley reconoce que el proceso de formar consciencia judicial exige la comprobación 'de cualquier aseveración' mediante prueba".[49]

Tras justipreciar concienzudamente los respectivos escritos presentados, es forzoso colegir que el foro recurrido debió desestimar la *Querella* en conformidad con la *Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, supra;* la *Guía sobre el Acoso Laboral en el Sector Privado de Puerto Rico* del Departamento del Trabajo por falta de *jurisdicción* sobre la materia; y la Ley Núm. 100 de 30 de junio de 1959, según enmendada.[50]

---

[49] *Continental Insurance Co. v. Isleta Marina, Inc.,* 106 DPR 809, 817 (1978). En el contexto de una solicitud de desestimación por *falta jurisdicción sobre la persona,* el Tribunal Supremo ha realizado las siguientes expresiones: Al plantearse la defensa de falta de jurisdicción sobre la persona, ya fuere en la contestación como defensa afirmativa o mediante moción para desestimar, le corresponde al que alega la jurisdicción probarla. El tribunal, por su parte, tiene una gran discreción sobre cómo proceder. Reglas 10.2 y 10.4 de las de Procedimiento Civil de 1979, *supra.* Al ejercer esta discreción deberá balancear la necesidad de determinar la suficiencia de la defensa con prontitud para así evitar una costosa litigación y promover la rápida solución de la controversia contra la deseabilidad de que se celebre una vista evidenciaria para así poder tener ante sí todos los elementos necesarios para llegar a una determinación final sobre la falta de jurisdicción sobre la persona. Además, debe ponderar la posibilidad que la controversia jurisdiccional esté tan entrelazada con los méritos del caso que posponer su decisión sea aconsejable. *Molina Avilés v. Supermercado Amigo, Inc.,* 119 DPR 330, 337 (1987).

[50] El 3 de febrero de 2021, se adoptó la *Guía sobre el Acoso Laboral en el Sector Privado de Puerto Rico* del Departamento del Trabajo y Recursos Humanos. El Articulo VII expresa sobre las reclamaciones laborales lo siguiente: "El Artículo 10 de la Ley 90-2020 estructura los pasos que deberá seguir el empleado para presentar su reclamo. **El estatuto establece un esquema de agotamiento de remedios internos y de mediación, previo a la presentación de una demanda en el Tribunal de Primera Instancia.** De esta forma, se le provee al patrono la oportunidad de conocer sobre la situación de alegado acoso laboral, investigar la misma y llevar a cabo las medidas correspondientes. El esquema de agotamiento de remedios que deberán seguir los empleados es el siguiente: 1. El empleado debe comunicar las alegaciones de acoso laboral siguiendo el procedimiento interno y protocolo adoptado por el patrono. 2. **Si las gestiones realizadas conforme al procedimiento y protocolo adoptado por el patrono resultan infructuosas, el empleado que alegue ser afectado por el acoso laboral deberá acudir al Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial de Puerto Rico**. 3. **Si luego de haberse orientado, las partes no aceptan la mediación o el mediador no recomienda la misma, se podrá acudir**

**- IV -**

Por los fundamentos expuestos, ***expedimos*** el auto de *Certiorari* promovido el 24 de abril de 2023 por la **Autoridad,** en consecuencia, se ***revoca*** la *Resolución* intimada el 4 de abril de 2023; y se ***desestima***, con perjuicio, la *Querella* entablada el 21 de octubre de 2022.[51]

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

**ante la sala de tribunal competente donde se deberá evidenciar que se agotó el mecanismo alterno de mediación y se presentará la acción civil (demanda) para dilucidar la responsabilidad civil de los involucrados según provee el Artículo 11 de la Ley 90-2020**. El Artículo 12 de la Ley 90-2020 establece que el empleado tendrá un año para presentar su causa de acción a partir del momento en que se sintió sometido al acoso laboral. En todo pleito judicial que se inste por violación a las disposiciones de la Ley 90-2020, el perjudicado podrá escoger entre tramitar su reclamación siguiendo el procedimiento sumario que establece la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como "Ley de Procedimiento Sumario de Reclamaciones Laborales, o mediante el procedimiento judicial ordinario. Énfasis suplido.

[51] El Artículo 12 *Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, supra,* expresa: Prescripción (29 LPRA § 3122) Toda persona que tenga una causa de acción bajo las disposiciones de la presente Ley, tendrá un término de un (1) año para presentar su causa de acción a partir del momento en que el empleado se sintió sometido al acoso laboral alegado.